UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK A. KIRKPATRICK, | ) |
| | ) No. CV-08-00224-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on March 20, 2009. (Ct. Rec. 15, 19). Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Richard M. Rodriguez represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 19) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 15.)

**JURISDICTION**

Plaintiff protectively filed applications for disability insurance benefits (DIB) and supplemental security income (SSI)

1 benefits on July 26, 2005, alleging onset as of November 1, 1996.

2 (Tr. 60-64, 424-427.)  The applications were denied initially and

3 on reconsideration. (Tr. 29-30, 33-35, 416-417, 419-422.)

4 Administrative Law Judge (ALJ) R. J. Payne held a hearing on

5 November 27, 2007.  (Tr. 443-486.)  Plaintiff, represented by

6 counsel, and experts Ronald M. Klein, Ph.D., and Marvin S. Wolf,

7 M.D., testified.  At the hearing plaintiff amended the onset date

8 to July 26, 2005 and agreed to dismissal of his DIB claim.  (Tr.

9 457.)  On December 6, 2007, the ALJ issued a decision finding that

10 plaintiff was disabled, but substance abuse materially contributed

11 to the finding, barring eligibility. (Tr. 12-23.)  The Appeals

12 Council denied a request for review on June 27, 2008.  (Tr. 2-5.)

13 Therefore, the ALJ's decision became the final decision of the

14 Commissioner, which is appealable to the district court pursuant

15 to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial

16 review pursuant to 42 U.S.C. § 405(g) on July 15, 2008. (Ct. Rec.

17 1,4.)

18                        **STATEMENT OF FACTS**

19    The facts have been presented in the administrative hearing

20 transcript, the ALJ's decision, the briefs of both Plaintiff and

21 the Commissioner, and will only be summarized here.

22    Plaintiff was 52 years old on the amended onset date and

23 earned a GED.  (Tr. 465-466.)  Plaintiff has past relevant work as

24 a machinist.  (Tr. 102, 466-467.)  He alleges disability as of the

25 amended onset date, July 26, 2005, due to right shoulder

26 impingement, chronic obstructive pulmonary disease (COPD), neck

27 pain, polysubstance dependence, and depression. (Tr. 29, 31.)

28

1                    **SEQUENTIAL EVALUATION PROCESS**

2        The Social Security Act (the "Act") defines "disability"

3  as the "inability to engage in any substantial gainful activity by

4  reason of any medically determinable physical or mental impairment

5  which can be expected to result in death or which has lasted or

6  can be expected to last for a continuous period of not less than

7  twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The

8  Act also provides that a Plaintiff shall be determined to be under

9  a disability only if any impairments are of such severity that a

10 plaintiff is not only unable to do previous work but cannot,

11 considering plaintiff's age, education and work experiences,

12 engage in any other substantial gainful work which exists in the

13 national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

14 Thus, the definition of disability consists of both medical and

15 vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156

16 (9th Cir. 2001).

17       The Commissioner has established a five-step sequential

18 evaluation process for determining whether a person is disabled.

19 20 C.F.R. §§ 404.1520, 416.920.  Step one determines if the person

20 is engaged in substantial gainful activities.  If so, benefits are

21 denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If

22 not, the decision maker proceeds to step two, which determines

23 whether plaintiff has a medically severe impairment or combination

24 of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii),

25 416.920(a)(4)(ii).

26       If plaintiff does not have a severe impairment or combination

27 of impairments, the disability claim is denied.  If the impairment

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 3 -

1  is severe, the evaluation proceeds to the third step, which

2  compares plaintiff's impairment with a number of listed

3  impairments acknowledged by the Commissioner to be so severe as to

4  preclude substantial gainful activity.  20 C.F.R. §§

5  404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P

6  App. 1.  If the impairment meets or equals one of the listed

7  impairments, plaintiff is conclusively presumed to be disabled.

8  If the impairment is not one conclusively presumed to be

9  disabling, the evaluation proceeds to the fourth step, which

10  determines whether the impairment prevents plaintiff from

11  performing work which was performed in the past.  If a plaintiff

12  is able to perform previous work, that Plaintiff is deemed not

13  disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

14  At this step, plaintiff's residual functional capacity ("RFC")

15  assessment is considered.  If plaintiff cannot perform this work,

16  the fifth and final step in the process determines whether

17  plaintiff is able to perform other work in the national economy in

18  view of plaintiff's residual functional capacity, age, education

19  and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

20  416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

21      The initial burden of proof rests upon plaintiff to establish

22  a *prima facie* case of entitlement to disability benefits.

23  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.*

24  *Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is

25  met once plaintiff establishes that a physical or mental

26  impairment prevents the performance of previous work.  The burden

27  then shifts, at step five, to the Commissioner to show that (1)

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 4 -

1 plaintiff can perform other substantial gainful activity and (2) a

2 "significant number of jobs exist in the national economy" which

3 plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th

4 Cir. 1984).

5                        **STANDARD OF REVIEW**

6      Congress has provided a limited scope of judicial review of a

7 Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold

8 the Commissioner's decision, made through an ALJ, when the

9 determination is not based on legal error and is supported by

10 substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995

11 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.

12 1999).  "The [Commissioner's] determination that a plaintiff is

13 not disabled will be upheld if the findings of fact are supported

14 by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572

15 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence

16 is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d

17 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance.

18 *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);

19 *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d

20 573, 576 (9th Cir. 1988).  Substantial evidence "means such

21 evidence as a reasonable mind might accept as adequate to support

22 a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

23 (citations omitted).  "[S]uch inferences and conclusions as the

24 [Commissioner] may reasonably draw from the evidence" will also be

25 upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).

26 On review, the Court considers the record as a whole, not just the

27 evidence supporting the decision of the Commissioner.  *Weetman v.*

28

1 *Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v.*

2 *Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

3      It is the role of the trier of fact, not this Court, to

4 resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If

5 evidence supports more than one rational interpretation, the Court

6 may not substitute its judgment for that of the Commissioner.

7 *Tackett*, 180 F.3d at 1097;  *Allen v. Heckler*, 749 F.2d 577, 579

8 (9th Cir. 1984).  Nevertheless, a decision supported by

9 substantial evidence will still be set aside if the proper legal

10 standards were not applied in weighing the evidence and making the

11 decision.  *Brawner v. Secretary of Health and Human Services*, 839

12 F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial

13 evidence to support the administrative findings, or if there is

14 conflicting evidence that will support a finding of either

15 disability or nondisability, the finding of the Commissioner is

16 conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.

17 1987).

18                          **ALJ'S FINDINGS**

19      The ALJ found at step one that plaintiff has not engaged in

20 substantial gainful activity since onset.  (Tr. 15.)  At steps two

21 and three, the ALJ found that plaintiff suffers from right

22 shoulder impingement, COPD, neck pain, poly-substance dependence,

23 and depression, impairments that are severe.  (Tr. 15.)  The ALJ

24 found that when substance dependence is included, plaintiff's

25 impairments meet the requirements of Listings 12.04 (depression)

26 and 12.09 (substance abuse).  (Tr. 16.)  The ALJ performed an

27

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 6 -

analysis pursuant to *Bustamante*[1] to determine whether plaintiff
would be disabled if he stopped abusing substances.  (Tr. 16-18.)
ALJ Payne found that even if not abusing substances, plaintiff
would be unable to perform his past relevant work.  (Tr. 21-22.)
If plaintiff stopped substance abuse, he would be found "not
disabled" using the framework of Medical-Vocational guideline
202.14.  (Tr. 22.)    Because plaintiff would not be disabled if
he stopped abusing substances, substance abuse is a contributing
factor material to the disability determination.  (Tr. 22-23.)
Accordingly, the ALJ found that plaintiff is barred from receiving
benefits under the Social Security Act.  (*Id.*)

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of
law by improperly weighing the medical evidence, and urges the
court to consider an opinion rendered after the hearing when
determining whether he is entitled to benefits or a remand for
further administrative proceedings.  (Ct. Rec. 16 at 9-15.)

The Commissioner responds that the ALJ appropriately weighed
the medical evidence and asks the court to affirm his decision.
(Ct. Rec. 20 at 24).

**DISCUSSION**

**A.  Weighing medical evidence**

In social security proceedings, the claimant must prove the
existence of a physical or mental impairment by providing medical
evidence consisting of signs, symptoms, and laboratory findings;

---

[1]*Bustamante v. Massanari*, 262 F. 3d 949 (9th Cir. 2001).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                            - 7 -

1 the claimant's own statement of symptoms alone will not suffice.

2 20 C.F.R. § 416.908.  The effects of all symptoms must be

3 evaluated on the basis of a medically determinable impairment

4 which can be shown to be the cause of the symptoms. 20 C.F.R. §

5 416.929.  Once medical evidence of an underlying impairment has

6 been shown, medical findings are not required to support the

7 alleged severity of symptoms.  *Bunnell v. Sullivan*, 947, F. 2d

8 341, 345 (9ᵗʰ Cr. 1991).

9       A treating physician's opinion is given special weight

10 because of familiarity with the claimant and the claimant's

11 physical condition.  *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9ᵗʰ

12 Cir. 1989).  However, the treating physician's opinion is not

13 "necessarily conclusive as to either a physical condition or the

14 ultimate issue of disability."  *Magallanes v. Bowen,* 881 F.2d 747,

15 751 (9ᵗʰ Cir. 1989) (citations omitted).  More weight is given to

16 a treating physician than an examining physician.  *Lester v.*

17 *Cater*, 81 F.3d 821, 830 (9ᵗʰ Cir. 1996).  Correspondingly, more

18 weight is given to the opinions of treating and examining

19 physicians than to nonexamining physicians.  *Benecke v. Barnhart*,

20 379 F. 3d 587, 592 (9ᵗʰ Cir. 2004).  If the treating or examining

21 physician's opinions are not contradicted, they can be rejected

22 only with clear and convincing reasons.  *Lester*, 81 F. 3d at 830.

23 If contradicted, the ALJ may reject an opinion if he states

24 specific, legitimate reasons that are supported by substantial

25 evidence.  *See Flaten v. Secretary of Health and Human Serv.*, 44

26 F. 3d 1435, 1463 (9ᵗʰ Cir. 1995).

27       In addition to the testimony of a nonexamining medical

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 8 -

1 advisor, the ALJ must have other evidence to support a decision to

2 reject the opinion of a treating physician, such as laboratory

3 test results, contrary reports from examining physicians, and

4 testimony from the claimant that was inconsistent with the

5 treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747,

6 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th

7 Cir. 1995).

8      Plaintiff contends that the ALJ improperly relied on the

9 opinions of testifying experts Drs. Klein and Wolf, and failed to

10 give appropriate weight to the opinions of treating professionals

11 Cathy Ciallella, MS, LMHC, and Anna Lee, MA, MHP, and to the

12 opinion of Mahlon Dalley, Ph.D., who examined plaintiff after the

13 ALJ's decision. (Ct. Rec. 16 at 9-14.)  While less clear,

14 plaintiff appears to argue that the ALJ also failed to properly

15 credit the opinions of examining psychologist Clark Ashworth,

16 Ph.D., and SSI facilitator Ethel Goodman.  (Ct. Rec. 16 at 11.)

17      Because the ALJ found plaintiff disabled, the issue on review

18 is whether he applied the correct legal standards and substantial

19 evidence supported his determination that DAA is material to the

20 disability determination; i.e., whether plaintiff would be

21 disabled if substance abuse ceased.

22      DAA

23      To determine if plaintiff would still be disabled if

24 substance abuse stopped, the ALJ relied in part on Dr. Klein's

25 opinion that plaintiff's impairments met Listings 12.04

26 (depressive syndrome) and 12.09 substance abuse disorder (when DAA

27 is included), but without substance abuse, plaintiff's mental

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 9 -

impairments would cause only mild mental limitations.    (Tr. 16-
21, referring to Tr. 458-459 and Ex. 4F.)

     The ALJ relied on the testimony of Dr. Klein in assessing
plaintiff's RFC.  (Tr. 18-21.)  Dr. Klein observed that while Ms.
Lee diagnosed PTSD in 2007, there is no evidence in the record
supporting the diagnosis. (Tr. 459.)  He notes there is similarly
no documentation of psychotic features as assessed by Ms. Lee and
Ms. Ciallella (at Tr. 220).  (Tr. 460.)  Dr. Klein's opinion in
this respect is supported by examining psychologist Clark
Ashworth, Ph.D., who saw no evidence of perceptual disorders.
(Tr. 176.)  Dr. Ashworth opined plaintiff's claimed auditory
hallucinations are "not consistent or convincing."  (Tr. 179.)
     Dr. Klein observed that nothing in the record shows
plaintiff's ability to work was impaired by his admitted history
of forty plus years of alcohol abuse (Tr. 460); plaintiff scored
30 out of 30 on the mental status exam given by Ms. Lee (Tr. 133);
and consulting psychologist Mary Gentile, Ph.D., assessed three
areas of moderate limitation (interacting with the public,
accepting instructions and criticism from supervisors, and getting
along with co-workers) (Tr. 148)(Tr. 460).  Dr. Klein notes the
evidence of marijuana use and frequent consumption of beer in 2005
(Tr. 220).  Dr. Klein refers to records showing plaintiff said he
hurt his shoulder in February of 2006 helping someone move (Tr.
185) and had pain in the neck and shoulder from cutting firewood
(Tr. 383).  (Tr. 460-461.)  Plaintiff indicates he does not

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 10 -

1   socialize, yet, as Dr. Klein points out, he lives with his

2   girlfriend and joined the Eagles or the Elks.  (Tr. 461.)  He

3   notes Dr. Ashworth made a rule out malingering diagnosis and

4   assessed a GAF of 45,[2] , at a time plaintiff was actively using

5   substances (drank week prior to evaluation and smoked marijuana a

6   day earlier).  (Tr. 461, referring to Tr. 175, 178.)

7        In addition to Dr. Klein's testimony, the ALJ considered the

8   evaluations of Ms. Ciallella, Ms. Lee, and Dr. Ashworth.  Ms.

9   Ciallella evaluated plaintiff on June 27, 2005.  (Tr. 220-222.)

10  She diagnosed major depressive disorder, severe, without psychotic

11  features; psychotic disorder NOS, alcohol dependence in sustained

12  partial remission and hallucinagen dependence in sustained full

13  remission.  (Tr. 220.)  She assessed possible diagnoses of

14  antisocial personality disorder and cannabis abuse. (Tr. 220.) The

15  ALJ notes plaintiff admitted he was currently using marijuana and

16  when this assessment was performed.  (Tr. 15.)  The ALJ observes

17  that while Ms. Ciallella found plaintiff had some marked

18  limitations, she noted that his hallucinations and delusions could

19  be affected by past and current use of hallucinagenic drugs.  (Tr.

20  15.)

21  The ALJ appropriately rejected Ms. Ciallella's diagnosis because

22  the form used did not distinguish between the level of impairment

23

24        [2]A GAF (Global Assessment of Functioning) of 45 indicates
25   serious symptoms (e.g., suicidal ideation, severe obsessional
     rituals, frequent shoplifting) or any serious impairment in
26   social, occupational, or school functioning (e.g., no friends,
     unable to keep a job).
27   DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS FOURTH
     EDITION (DSM-IV), at p. 32.
28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                            - 11 -

1   with and without DAA, the relevant issue.  (Tr. 20.)   The ALJ

2   considered Ms. Lee's May 22, 2007 assessment.  (Tr. 16, 20.)   Ms.

3   Lee diagnosed major depressive disorder, recurrent, severe, with

4   psychotic features and PTSD.  (Tr. 130.)   The ALJ notes plaintiff

5   told Ms. Lee he had been sober for two years, an untrue statement.

6   (Tr. 16, referring to Tr. 131).  The ALJ rejected this opinion

7   again because plaintiff was actively abusing substances at the

8   time of the assessment. (Tr. 20.)

9       The ALJ considered Dr. Ashworth's evaluation in March of

10  2006, where it is noted plaintiff underwent alcohol treatment in

11  1996 and was seeing a counselor, but continued to drink and use

12  marijuana. (Tr. 15.)   Dr. Ashworth diagnosed polysubstance abuse

13  or dependence not in remission, and, as noted, rule out

14  malingering and assessed a GAF of 45.  (Tr. 15, referring to Tr.

15  175.)   The ALJ continued:

16          Dr. Ashworth reported that he did not see overt
         evidence of a psychotic condition and no evidence of
17       depression, although he acknowledged that his
         [plaintiff's] depression could have been masked by
18       his antidepressant medication.  Dr. Ashworth found
         that the claimant's allegations of auditory
19       hallucinations were not convincing, and his mental
         status examination was essentially within normal
20       limits.  Exhibit 1F.

21  (Tr. 15.)

22      To aid in weighing the conflicting medical evidence, the ALJ

23  evaluated plaintiff's credibility and found him less than fully

24  credible - an assessment not challenged on appeal.  (Tr. 19-20.)

25  Credibility determinations bear on evaluations of medical evidence

26  when an ALJ is presented with conflicting medical opinions or

27  inconsistency between a claimant's subjective complaints and

28  diagnosed condition.  *See Webb v. Barnhart*, 433 F. 3d 683, 688

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 12 -

1   (9th Cir. 2005).

2       It is the province of the ALJ to make credibility

3   determinations.  *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir.

4   1995).  However, the ALJ's findings must be supported by specific

5   cogent reasons.  *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th

6   Cir. 1990).  Once the claimant produces medical evidence of an

7   underlying medical impairment, the ALJ may not discredit testimony

8   as to the severity of an impairment because it is unsupported by

9   medical evidence.  *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir.

10  1998).  Absent affirmative evidence of malingering, the ALJ's

11  reasons for rejecting the claimant's testimony must be "clear and

12  convincing."  *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995).

13  "General findings are insufficient: rather the ALJ must identify

14  what testimony not credible and what evidence undermines the

15  claimant's complaints."  *Lester*, 81 F. 3d at 834; *Dodrill v.*

16  *Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

17      The ALJ relied on several factors when assessing credibility,

18  including the inconsistencies between plaintiff's statements and

19  the medical evidence, between his testimony and daily activities,

20  and his infrequent mental health treatment.  (Tr. 19-20.)  The ALJ

21  points out that plaintiff's testimony that he is severely limited

22  in the ability to sit, stand, walk and lift is undercut by records

23  from treating physician Giannantonio Giuliani, M.D., noting

24  plaintiff was "very active and doing lifting" in March of 2006,

25  "very active around the house" in April of 2006, and active

26  picking berries and cutting firewood in July of 2006.  (Tr. 19,

27  referring to Tr. 379, 381, 383.)  The ALJ notes plaintiff has not

28  been truthful with respect to DAA, as in when he told Ms. Lee he

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 13 -

1 | had been sober for two years, a statement contradicted elsewhere

2 | in the record.  (Tr. 19.)  The ALJ points out plaintiff testified

3 | he continues to use drugs and alcohol.  (Tr. 19, referring to Tr.

4 | 484-485.)  And the ALJ notes that plaintiff's very infrequent

5 | mental health treatment makes it difficult to accept his assertion

6 | that these problems are disabling.  (Tr. 19-20.)

7 | Even applying the higher standard, the ALJ's unchallenged

8 | credibility determination is supported by clear and convincing

9 | reasons.

10 | When he weighed the medical opinions and assessed plaintiff's

11 | RFC, the ALJ considered plaintiff's credibility, the objective

12 | medical evidence, the results of psychological testing, and the

13 | opinions of treating, examining, and reviewing physicians.  The

14 | ALJ notes that treating physician Dr. Guiliani opined on March 31,

15 | 2005, that plaintiff could perform light work.  (Tr. 20, referring

16 | to Tr. 227.) This too undermines plaintiff's claims of disabling

17 | impairment.

18 | Plaintiff contends the court should give weight to the

19 | opinion of the psychologist who evaluated plaintiff after the

20 | ALJ's adverse decision and considered by the Appeals Council.

21 | As the Commissioner correctly observes, the court may consider new

22 | evidence submitted to the Appeals Council with all of the other

23 | evidence in the record, in order to determine whether the final

24 | agency decision is supported by substantial evidence.  (Ct. Rec.

25 | 20 at 19, citing *Ramirez v. Shalala*, 8 F.3d 1449, 1451-1452 (9th

26 | Cir. 1993); *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000).

27 | The Commissioner is also correct that if the court finds that the

28 | evidence warrants reversing the ALJ's decision, the proper remedy

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 14 -

is to remand for further proceedings since it is legal error for the court to order payment of benefits based on evidence not presented to the ALJ. (Id., citing *Harmon*, 211 F.3d at 1180.)

The Appeals Council found Dr. Dalley opined plaintiff's limitations were not expected to last more than six months.  (Tr. 2A, referring to Tr. 438.)  The Appeals Council further observed that Dr. Dalley's report was cumulative because it failed to document a change in circumstances or a worsening in his condition.  (Tr. 2A.)

The Appeals Council is correct.  Dr. Dalley's opinion that plaintiff's condition is expected to last six months rather the twelve required has no "reasonable possibility" of changing the ALJ's determination.  *See Burton v. Heckler*, 724 F.2d 1415, 1417 (9th Cir. 1984).   And plaintiff fails to show good cause why the report was obtained months after the ALJ's decision.  *Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990)(citation omitted)(good cause not met by obtaining more favorable report after claim denied).

The ALJ relied on evidence in addition to the testimony of the nonexamining experts in rejecting some of the other medical opinions.  The ALJ rejected some of the opinions of examining psychologists based on the opinions of other examining psychologists, a specific and legitimate reason.  *See Magallanes*, 881 F. 2d at 751-52 (9th Cir. 1989); *Andrews*, 53 F. 3d at 1042-43 (9th Cir. 1995).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony.  *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989).  It is the role of the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                           - 15 -

trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review.  42 U.S.C. § 405 (g).

The ALJ provided clear and convincing reasons for finding plaintiff's allegations not fully credible.  The ALJ weighed the medical evidence and found plaintiff disabled when DAA is included.  The ALJ failed to adopt the opinions of some treating and examining professionals.  Instead, he relied on the opinions of other treating, examining and consulting physicians, plaintiff's credibility, the results of psychological testing, and other medical test results.

The ALJ's assessment of the medical and other evidence is supported by the record and free of legal error.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 19)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 15)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

1        DATED this 24th day of March, 2009.

2                                          s/ James P. Hutton

3                                    JAMES P. HUTTON
                                UNITED STATES MAGISTRATE JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 17 -